**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4481**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GORDON LAWRENCE PENN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:15-cr-00016-JLK-1)

Submitted:  February 9, 2017      Decided:  February 15, 2017

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, for Appellant.  John P. Fishwick, Jr., United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Lawrence Penn appeals from his convictions and 61-month sentence imposed following his conditional guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). On appeal, Penn challenges only the district court's denial of his motion to suppress evidence seized by law enforcement during the search of a vehicle he was driving when he was stopped for a traffic infraction, as well as statements he later made to law enforcement. Finding no error, we affirm.

"When considering a district court's denial of a motion to suppress, we review the [trial] court's factual findings for clear error and all legal conclusions de novo." United States v. Stover, 808 F.3d 991, 994 (4th Cir. 2015). Because the Government prevailed on the suppression issue below, we construe "the evidence presented in the light most favorable to the [G]overnment." Id.

The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless searches are per se unreasonable, but "there are a few specifically established and well-delineated exceptions to that

2

general rule." United States v. Davis, 690 F.3d 226, 241-42 (4th Cir. 2012) (internal quotation marks omitted).

One such exception to the warrant requirement is the voluntary consent given by an individual possessing the authority to do so. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). "The government has the burden of proving consent[,]" however, and "[w]e review for clear error a district court's determination that a search [was] consensual . . . [and] apply a subjective test to analyze whether consent was given, looking to the totality of the circumstances." United States v. Robertson, 736 F.3d 677, 680 (4th Cir. 2013). In this case, the district court found that Penn consented to the search of the vehicle he was driving and, thus, that the ensuing search was constitutional. We have reviewed the record and have considered Penn's arguments and discern no clear error in the district court's findings.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3